UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES BARRE DIVISION

| | |
|---|---|
| MATTHEW SCHERER,<br><br>        Plaintiff,<br><br>v.<br><br>CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., *d/b/a* INDEPENDENCE UNIVERSITY,<br><br>        Defendant. | Case No. 3:18-cv-734 |

## PLAINTIFF'S COMPLAINT

Plaintiff, MATTHEW SCHERER ("Plaintiff"), by and through his attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC. *d/b/a* INDEPENDENCE UNIVERSITY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this District are proper because the Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Jim Thorpe, Carbon County, Pennsylvania.

6. Plaintiff is, and at all times mentioned herein, a "person" as defined by the TCPA.

7. Defendant is, and at all times mentioned herein, a "person" as defined by the TCPA.

8. Defendant is nonprofit organization located in Indianapolis, Indiana.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Within four (4) years of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's cellular telephone, ending in 8517.

11. None of the calls Defendant made to Plaintiff were for an emergency purpose.

12. Defendant calls Plaintiff from several numbers, including but not limited to 888-808-0074, which is one of many telephone numbers used by Defendant.

13. On several occasions since Defendant started calling Plaintiff, Plaintiff has requested Defendant to stop calling him.

14. Specifically in or around, but not limited to, January 2018, Plaintiff answered a call from Defendant and Plaintiff asked Defendant to take Plaintiff off their calling list.

15. In response, Defendant's representative informed Plaintiff that she would remove his number from their call list.

16. Despite Plaintiff's multiple requests, Defendant continued to place collection calls to Plaintiff's cellular telephone number.

17. When Plaintiff has answered Defendant's calls, he was sometimes greeted with and automated message first. After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff.

18. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

19. At no point did Defendant have Plaintiff's prior express consent to call Plaintiff's cellular telephone.

20. Even if Defendant had Plaintiff's consent, such consent was revoked when Plaintiff told Defendant's representatives to stop calling him.

21. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

22. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone select telephone numbers to be called according to a protocol or strategy entered by Defendant.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

30. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

31. The automated message that Plaintiff experienced on the calls that he received is indicative of the use of an automatic telephone dialing system. This automated message is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The automated message is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such automated message as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

32. As a result of Defendant's alleged violations of law by placing these automated calls to

Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and

    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

33. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without prior express consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MATTHEW SCHERER, respectfully requests judgment be entered against Defendant, CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC. *d/b/a* INDEPENDENCE UNIVERSITY, for the following:

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1),

Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 4, 2018

By: /s/ Michael A. Siddons
Michael A. Siddons
Attorney #89018
The Law Firm of Michael Alan Siddons, Esquire
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff